UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                                         :

UNITED STATES OF AMERICA,

                                                                         : ECF

                Plaintiff,

                                                                          : Docket No. 11 CR 676-05 (RJS)

        v.

                                                                          :

JAVIER DE LA ROSA,                            DEFENDANT'S SUPPLEMENTAL
                                                                      : SENTENCING MEMORANDUM

               Defendant.
                                                                          :
------------------------------------------------------------ X

## PRELIMINARY STATEMENT

       The defendant, Javier De La Rosa, respectfully requests that the Court sentence Mr. De La Rosa to the minimum time permissible under the law. Mr. De La Rosa pleaded guilty to a lesser included offense under 21 U.S.C. § 841(b)(1)(B) of Count 1 of the Indictment. In reaching the plea agreement, the Government found Mr. De La Rosa to be a minor figure in a larger drug conspiracy who accepted responsibility for his actions. Additionally, Mr. De La Rosa's lack of criminal history, strong family ties, need to care for his family and young son, and rehabilitation efforts while incarcerated all clearly show that leniency is appropriate. Accordingly, for the reasons set forth more fully below, Mr. De La Rosa respectfully requests the Court sentence him to five years of imprisonment.

## PROCEDURAL HISTORY AND GUIDELINES CALCULATION

       Mr. De La Rosa previously appeared before the Court for sentencing on July 20, 2012. Prior to that hearing, Mr. De La Rosa's former counsel filed Objections to the Pre-Sentence Report and a Memorandum In Support For Downward Departure ("Objections"). The arguments and objections raised in those papers, as well as the exhibits attached thereto, are incorporated herein. This memorandum serves to supplement those earlier submissions.

       The Department of Probation has computed Mr. De La Rosa's offense level at 21. This included a two-level decrease for safety valve relief pursuant to Guidelines § 5C1.2(a)(1)-(5) and 18 U.S.C. § 3553(f) and reflected Mr. De La Rosa's plea agreement with the government. Mr. De La Rosa has no criminal history and therefore fell into Criminal History Category I, setting his Guidelines range at 37 to 46 months imprisonment. Because the Court has concluded that Mr. De La Rosa is not entitled to safety valve relief, Mr. De La Rosa's Guidelines range is 46-57 months and the

mandatory minimum applicable to his conviction is five years.  21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 3553(f).

## ARGUMENT

**I.     Mr. De La Rosa Was A Non-Violent, Minor Player In The Conspiracy.**

The "nature and circumstances" of Mr. De La Rosa's offense demonstrate that leniency is appropriate.  Mr. De La Rosa's role was limited to low-level ancillary street deals in a larger drug conspiracy.  18 U.S.C. § 3553(a)(1).  Mr. De La Rosa purchased a total of 115 grams of heroin to be resold in street-level deals.  There is no evidence that Mr. De La Rosa took on any greater role in the conspiracy beyond these low-level sales.  Additionally, Mr. De La Rosa did not participate in any acts of violence while a member of the conspiracy.

In addition, the "history and characteristics of the defendant" make clear that leniency is truly appropriate in this case. 18 U.S.C. § 3553(a)(1) & 3553(2)(C).  Prior to his involvement in the conspiracy, Mr. De La Rosa was not involved in any criminal activity.  There is nothing in Mr. De La Rosa's past to suggest that the conspiracy was symptomatic of greater criminal involvement.  Indeed, Mr. De La Rosa's work and family history suggest that his involvement in the conspiracy was an isolated event in his life.  Moreover, Mr. De La Rosa is a loving family man who cares deeply for his two-year-old son and has vowed to be the best example possible for his son from now on.  For that reason, this factor favors the minimum possible sentence.

**II.    Mr. De La Rosa Has Taken Responsibility For His Actions And Used His Time While Incarcerated To Rehabilitate Himself.**

Mr. De La Rosa understands that his actions were wrong and he has taken full responsibility for his involvement in the conspiracy.  Mr. De La Rosa has written a letter to the Court where he apologized and expressed remorse for his actions. *See* Objections, Ex. I.  In the letter, Mr. De La Rosa also indicated that he had never previously been involved in any criminal activities; instead, his focus had always been on his work and family life. *Id*.  Numerous friends and families members have also expressed support for Mr. De La Rosa in letters to the Court and confirmed that, except for this one mistake, he has always been a law-abiding citizen. *See* Objections, Exs. H & K.  Mr. De La Rosa's incarceration has been hard on his family, notably his 2 ½ year old son, Ethan De La Rosa, who suffers from vertigo. *See* Objections, Ex. J.

Mr. De La Rosa has used his time while incarcerated to successfully complete several educational and drug treatment programs.  These programs include the Drug Abuse Education Course, Non-Residential Drug Treatment Program, and additional educational courses. *See* Objections, Ex. L.  Mr. De La Rosa also has taught other inmates English in an ESL course, earning their great respect and gratitude. Exhibit M (attached hereto).  Finally, Mr. De La Rosa is preparing to take the GED exam.

Mr. De La Rosa also faces deportation at the conclusion of his sentence, a potentially far worse penalty as it will tear him away from his young son and everything he has ever known.  It also means that he is ineligible for any sentencing reductions from the Bureau of Prisons.  There is no need for a sentence longer than the mandatory minimum in this case.

### III.     Mr. De La Rosa Objects to the Imposition of a Fine.

Mr. De La Rosa objects to the imposition of a fine.  His debts far outweigh his assets. *See* PSR, pp. 14-15.  Mr. De La Rosa will need whatever he earns to care for himself and his family upon release.

### IV.     Bureau of Prisons Designation

Due to his need to be as close as possible to his young son, Mr. De La Rosa requests that the Court recommend he be designated for service of his sentence in Allenwood Federal Correctional Complex. If Allenwood is not possible, he respectfully requests a recommendation that he be designated to FCI Fort Dix.

### CONCLUSION

Mr. De La Rosa is a minor conspirator, who distributed limited amounts of narcotics.  He does not have a history of criminal activity and has accepted responsibility for his involvement in the conspiracy.  He has strong family ties, has been a hard worker and family man, and faces the pain of deportation upon completion of his sentence. For these reasons, Mr. De La Rosa respectfully requests the Court to exercise leniency and sentence him to the minimum time permissible under the law.

Dated:      October 5, 2012
            New York, NY

                              Respectfully submitted,

                              DEBEVOISE & PLIMPTON LLP

                              By:   /s/ Andrew J. Ceresney
                                    Andrew J. Ceresney
                                    Bethany Davis Noll
                              919 Third Avenue
                              New York, New York 10022
                              (212) 909-6696

                              *Attorneys for Defendant Javier De La Rosa*